Complex
Law Group
LLC

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PACIFIC ISLAND MOVERS, INC., | CIVIL CASE NO. CV1419-11 |
| Petitioner, | |
| vs. | |
| THE DEPARTMENT OF REVENUE AND TAXATION, an agency of the government of Guam, and JOHN P. CAMACHO, in his capacity as Director, | DECISION & ORDER |
| Respondents. | |

This matter came before the HONORABLE VERNON P. PEREZ on February 22, 2013 on the Respondents' Motion for Summary Judgment. Attorney Timothy McLaughlin represented Respondents. Attorney Phillip Torres represented Petitioner, who was present. The Court took the motion under advisement. After having heard the Parties' arguments and considering the Parties' pleadings and the record, the Court now issues the following Decision and Order.

## BACKGROUND

The background of this case rests on the desire for Petitioner Pacific Island Movers, Inc. (hereinafter "Petitioner") to have Respondents Department of Revenue and Taxation and John P. Camacho (hereinafter "Respondents") not levy the Business Privilege Tax against it for prior years or in the future. The Petitioner filed its Petition for Review on August 22, 2011. The Respondents filed an Answer on October 21, 2011 and Motion for Summary Judgment on October 31, 2012. The Petitioner opposed the motion on February 19, 2013. In this Decision and Order, the Court will only address the dispositive motion. To the extent that other issues remain pending, the Court will address those issues in the future.

# DISCUSSION

## Standard for Summary Judgment

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue exists when there is sufficient evidence establishing a factual dispute requiring resolution by a fact-finder. *Iizuka Corp. v. Kawasho Int'l Inc.,* 1997 Guam 10 ¶ 7; *T.W. Elect. Serv Inc. v. Pacific Elec. Contractors Ass'n.,* 809 F.2d 626, 630 (9th Cir. 1987). The factual dispute must concern a material fact. *Id.* Whether a fact is material is determined by the governing substantive law; if the fact may affect the outcome, it is material. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Edwards Co . v. Kawasho Int'l Inc.,* 2000 Guam 27 ¶ 7.

Inferences must be drawn, evidence must be viewed in the light most favorable to the non-moving party and the moving party carries the burden of showing the Court those portions of the relevant documents which it believes demonstrate the absence of an issue of material fact. *Edwards Co. v. Kawasho Int'l Inc.,* 2000 Guam 27 ¶ 7. The moving party is not required to negate each element of the non-moving party's case. Rather, the moving party satisfies and discharges its burden by establishing the absence of evidence to support the non-moving party's case. *Kim v. Hong,* CVA97-007, 3 (1997). If a lack of evidence is established by the moving party, the non-moving party must present specific facts showing there is a genuine issue for trial. The non-moving party may not merely rely on conclusory allegations contained in the pleadings, but must present some significant probative evidence tending to support his assertion. *Id.* If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, for which the party will bear the burden of proof at trial, then Rule 56(c) requires entry of summary judgment against the non-moving party. *See Celotex Corp. v. Catrett,* 477 U.S. 31(1986).

## Controversy as to Material Facts

Respondents argue that there is no question of fact remaining and there is, simply, a legal interpretation left to be decided by this Court. The Petitioner objects to summary judgment by stating that there are still disputes of material fact. The Court will address the motion as if there was a sole cause of action.[1]

Here, the Court agrees with the Petitioner as this is a review of an administrative decision by the Respondents to levy a tax on Petitioner from 2005 to present. The Court does recognize that ultimately it must decide whether or not the definitions in Title 11 of the Guam Code Annotated require Petitioner to pay the tax. Yet, those definitions may be inapplicable based on the detailed set of transactions Petitioner does regularly. While the definitions of the law must be interpreted by this Court alone, there would be essential testimony and evidence provided at trial to help explain what business is performed by Petitioner. The crucial distinction in this case is whether or not Petitioner performs interstate commerce and there is not enough in the record currently, via exhibits and declarations, to decide on this issue.

Moreover, the Parties will rely on this Court's interpretation of Guam law, so it is important that this Court makes a correct and complete decision. While the Court is familiar with the activities of shipping companies in general, the Court would like additional evidence explaining the specific activities of Petitioner before ruling that the tax has been properly levied. The Court will need to hear where and how exactly business is transacted by the Petitioner before it can make judgment in this case. For this reason, the Court must not grant summary judgment. Finally, the Court will direct the Parties to focus, in a detailed and concise manner, the details of Petitioner's daily activities at trial.

---

[1] Normally, in resolving a motion for summary judgment the Court will address each cause of action individually. As this case rests on a Petition for Review, the Court will act as if there is a single cause of action. Here, the sole issue for the Court to decide is whether or not controversy of material fact exists such that a trial is necessary.

## CONCLUSION

The Respondents' Motion for Summary Judgment is hereby DENIED. A Scheduling Conference is scheduled for April 12, 2013 at 9a.m..

So ORDERED this 26 day of March, 2013.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the Office of the Clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

MAR 26 2013

Leonard F. Ventura
Deputy Clerk, Superior Court og Guam